IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PEOPLE OF THE STATE OF CALIFORNIA,

        Plaintiff,

  v.

ARDITH HUBER,

        Defendant.
_____/

No. C 11-1985 RS

**ORDER OF REMAND**

### I. INTRODUCTION

Defendant removed this matter from the Superior Court for the County of Humboldt on April 22, 2011. Plaintiff, the People of the State of California ("California"), moves here to remand. California insists its complaint relies solely on state law, and does not raise a substantial federal question necessary to resolution of these claims. Accordingly, it argues there are no grounds to support removal. Defendant counters first that, absent authorization under federal law, California lacks regulatory authority over a member of an Indian Tribe, like Huber, for actions taken within the boundaries of her Tribe's reservation. The question for decision here is whether, as plaintiff argues, defendant's argument operates merely as an anticipated defense to plaintiff's state law claims or if it

instead constitutes a "substantial issue of federal law" necessarily raised in the underlying claims. The weight of authority supports California's view that Huber has introduced no more than an anticipated defense. Removal therefore was improper and the matter must be remanded to the Superior Court for Humboldt County. California's request for an award of attorney's fees and costs associated with this motion will be denied.

## II. Background

Defendant Ardith Huber is a cigarette retailer who operates in the State of California. More specifically, Huber is a member of the Wiyot Tribe and apparently operates Huber Enterprises out of her home, which is also located on the Wiyot Reservation. California seeks damages and injunctive relief, pursuant to three legal theories: (1) Huber has violated the Tobacco Directory Law, Cal. Rev. & Tax. Code § 30165.1, by selling cigarette brands which have never qualified for listing on California's Tobacco Directory; (2) Huber has violated the Cigarette Fire Safety and Firefighter Protection Act, Cal. Health & Saf. Code § 14950, by selling cigarettes that have not undergone testing required by the Code; and (3) the conduct amounts to unfair competition, pursuant to Cal. Bus. & Prof. Code § 17200.

## III. LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove to federal court "only [those] state court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Absent diversity of citizenship, federal-question jurisdiction is required. *Id.* The party invoking section 1441 bears the burden of establishing federal question jurisdiction and a district court strictly construes the statute against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar*, 482 U.S. at 392). This is possible in one of two scenarios. First, and most commonly, federal question jurisdiction exists if a federal right or immunity is "'an

element, and an essential one, of the plaintiff's cause of action.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). Crucially, however, a "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet*, 522 U.S. at 471 (citation omitted). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). *Cf. Franchise Tax Bd.*, 463 U.S. at 14

Second, a federal question may arise where a state claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313. That said, insofar as the doctrine "raises difficult issues of state and federal relationships," a court may invoke it only in limited, fitting circumstances. *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

IV. DISCUSSION

A. Federal Question Jurisdiction

Plainly, California has not alleged any claims that, at least facially, arise under the laws of the United States. Removal would only be appropriate, then, if California's claims "necessarily raise" a federal issue that is "actually disputed and substantial." *Grable*, 545 U.S. at 314. Huber insists California cannot avoid raising a federal issue, purportedly because the question of whether federal law authorizes state regulation of a tribal member's conduct on her reservation is "embedded" within each of California's state law claims. Defendant invokes numerous Supreme Court cases generally recognizing the federal government's plenary authority, vis-à-vis individual states, over tribal affairs (particularly where a state endeavors to *tax* resident members of an Indian tribe). *See, e.g.*, *Oklahoma Tax Comm'n v. Sac & Fox Nation*, 508 U.S. 114, 125 (1993);

*McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 167-68, 179-80 (1973). What none of the cases cited actually do, however, is hold that plenary authority means a federal issue is "embedded" in any application of state law against a member of an Indian tribe, creating a basis for removal.

The mere fact that a federal law may prohibit state conduct does not necessarily convert a state claim into a federal claim, justifying removal. What it certainly does, of course, is to create a federal *defense* to state law claims that Huber can raise in state court. The Supreme Court's reasoning in *Oklahoma Tax Comm'n v. Graham* is instructive here. 489 U.S. 838, 841 (1989). There, Oklahoma filed a complaint against both the Chickasaw Tribe and the individual who managed a tribal enterprise that conducted bingo games and sold cigarettes. *Id.* at 839. Oklahoma sought to collect unpaid state excise taxes on the sale of cigarettes and taxes on the receipts from the bingo games. The Chickasaw Nation, asserting federal question jurisdiction under 28 U.S.C. section 1331, removed the action. Oklahoma moved to remand, arguing in part that the complaint alleged on its face only state statutory violations and state tax liabilities.

The Supreme Court determined that "[t]ribal immunity may provide a federal defense to Oklahoma's claims." *Id.* at 841 (citing *Puyallup Tribe, Inc. v. Washington Game Dept.*, 433 U.S. 165 (1977)). "But it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Id.* (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). The jurisdictional question, in other words, was not affected by the fact that "tribal immunity is governed by federal law." *Id.* "Congress," the Court reminded, "has expressly provided by statute for removal when it desired federal courts to adjudicate defenses based on federal immunities" but has not done so in this arena. *Id.* In *Graham*, the "possible existence of a tribal immunity defense" did not convert Oklahoma's tax claims into federal questions, and California argues it cannot do so here either.[1]

---

[1] Huber did not address *Graham* in her papers or attempt to explain how the Court's subsequent *Grable* framework might somehow render *Graham*'s analysis outdated or incorrect. A brief review of *Grable* suggests she could not. As the Ninth Circuit recently emphasized, "*Grable* did not implicitly overturn the well-pleaded complaint rule—which has long been a 'basic principle marking the boundaries of the federal question jurisdiction of the federal district courts,'

At oral argument, Huber accepted *Graham*'s reasoning but insisted that her basis for removal differs from the sovereign immunity argument that failed in *Graham*.[2] She argues not only that she is immune from *suit*, but also that, absent some federal grant of authority, California lacks regulatory power over a tribal member's activities on her own reservation. If a state's power to regulate the activities of reservation Indians assumes Congressional permission, Huber argues that a federal question must be "embedded" in every state effort to regulate. No matter how she words it, however, the directly analogous argument failed in *Graham*: a state's power to *sue* a tribal member, for example, would appear to be "embedded" in any hopeful lawsuit in exactly the same way. Indeed, the argument endorsed by the circuit court but *rejected* by the Supreme Court ran as follows: "as a prerequisite to stating jurisdiction over a recognized Indian tribe, . . . 'an alleged waiver or consent to suit is a necessary element of the well-pleaded complaint.'" *Graham*, 489 U.S. at 840 (quoting lower court opinion). The Supreme Court disagreed. It characterized the immunity question as a defense incapable of converting a state claim into a federal one. Huber introduces no legal authority, or even a logical explanation, to support her theory that one, but not the other, is merely an expected *defense*. In other words, although Huber has identified a slight distinction between her argument and the one raised in *Graham*, she has not explained why it makes any difference.

---

*Metropolitan Life*, 481 U.S. at 63—in favor of a new 'implicate[s] significant federal issues' test." *Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011). The complaint in *Grable* did present a federal issue on its face. As the Supreme Court explained, that complaint "premised its [state-law] superior title claim on a failure by the IRS to give it adequate notice, as *defined by federal law*." *Grable*, 545 U.S. at 314-15 (emphasis added). The Ninth Circuit has therefore instructed that "*Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies both the well-pleaded complaint rule and passes the 'implicate[s] significant federal issues' test." *Cal. Shock Trauma*, 636 F.3d at 542. Particularly where *Graham* expressly found that tribal immunity is a *defense*, and not a federal question implicit in any application of state law against a tribe or member of a tribe, an immunity argument is distinguishable from the complaint in *Grable*, and it would not satisfy the test outlined there.

[2] The assertion is somewhat inconsistent with her opposition papers. There, plaintiff claimed a federal question was at stake for two reasons. First, she claimed the "case depends" on whether California can point to federal authority allowing it to enforce its laws. Second, Huber indicated the case depends on whether "federal law allows California to upset tribal laws" by ignoring an ordinance that "cloaks Huber with the Wiyot Tribe's sovereign immunity." (Pl.'s Opp'n at 5:10-17.)

Lending additional support are two recent federal district court orders remanding identical state law claims lodged against tobacco retailers for the sale of contraband cigarettes on tribal lands. *See California v. Native Wholesale Supply Co.*, 632 F. Supp. 2d 988 (E.D. Cal. 2008); *California v. Black Hawk Tobacco, Inc.*, (August 14, 2009) (No. EDCV 09-1380-VAP). In both cases, the defendants removed to federal court, claiming that a federal question warranted removal. In both cases, the district courts remanded—either sua sponte or upon California's motion—to the state court. In *Native Wholesale Supply*, the court disagreed that federal law either created the plaintiff's cause of action or the underlying right that California sought to vindicate:

> The plaintiff, as a sovereign, has an inherent right to enforce its own laws and judicial decrees. The defendant does not dispute this generally, but contends that, as a tribal corporation, the state may not enforce its laws against it. Although resolution of this issue will require application of federal law, defendant's argument is essentially an affirmative defense to the plaintiff's causes of action. . . . [T]his does not give rise to federal question jurisdiction. *Native Wholesale Supply*, 632 F. Supp. 2d at 993.

In *Black Hawk Tobacco*, the district court remanded the matter sua sponte by minute order, and so only briefly noted that remand was necessary because plaintiff's claims did not arise under federal law. Although defendant does not argue these courts misapplied the law, she attempts to distinguish this matter from those on the facts. In both cases, the defendant retailers were Indian-owned corporations that sold cigarettes on tribal land. The same is true of Huber and Huber Enterprises. The difference is that the two other retailers were not members of the particular tribe on whose reservation their retail outlets were located. As Huber points out, states have broader authority to regulate the conduct of non-Indians that takes place on a reservation. *See, e.g.*, *County of Yakima v. Confederated Tribes and Bands of Yakima Indian Nation*, 502 U.S. 251, 257-58 (1992) (recognizing "the rights of States, absent a congressional prohibition, to exercise criminal (and, implicitly, civil) jurisdiction over non-Indians located on reservation lands"). Huber asserts the same is true for the conduct of non-*member* Indians on a reservation. Again, however, Huber has located a distinction without any legal significance, at least as to the removal question. Possibly, Huber, as a resident Indian, would have a stronger defense to state regulation than the defendants in

*Native Wholesale Supply* and *Black Hawk Tobacco*. *Graham*, however, renders the "embedded" argument unworkable.

B. <u>Attorney's Fees and Costs</u>

An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, (2005). California seeks such an award here. As the Supreme Court has instructed, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. Plaintiffs argue that because two federal courts have rejected nearly identical removal arguments advanced by the law firm representing defendants in this case, defendants should have known the argument lacked merit. Those cases do not represent binding authority, however, and even though Huber's arguments are not persuasive, there was at least an objectively reasonable basis to make them. The fee motion must be denied.

V. Conclusion

For the reasons stated above, this action will remanded to the Superior Court for Humboldt County. Defendant's request for attorney's fees and costs is denied.

IT IS SO ORDERED.

Dated: 7/22/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE